*36 OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered April 13, 2005, affirmed.
Defendant’s conviction of attempted second-degree criminal contempt (Penal Law §§ 110.00, 215.50 [1], [3]) was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the trial court’s determinations concerning credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]). A trial court possesses broad power to manage its courtroom and maintain order and security (see People v Jelke, 308 NY 56 [1954]; Matter of Goldberg v Extraordinary Special Grand Juries of Onondaga County, 69 AD2d 1 [1979]), and defendant’s intentional disobedience of the court’s prominently posted seating rules is firmly established in the record. Defendant’s insolent behavior, occurring while the court was in session, was shown to have “directly tend[ed] to interrupt [the court’s] proceedings [and] to impair the respect due to its authority” (Penal Law § 215.50 [1]). Nor did the court rule excluding unrepresented defendants from a designated seating area reserved solely for attorneys and police officers violate any constitutional imperative (see Posr v Dolan, 2003 WL 22203738, 2003 US Dist LEXIS 16621 [SD NY 2003]). We have considered defendant’s remaining arguments and find them unavailing.
McKeon, PJ., Schoenfeld and Heitler, JJ., concur.