OPINION OF THE COURT
Matthew J. D’Emic, J.
By order dated April 1, 2016, the court, after reviewing the grand jury minutes at the request of the defendant, found the evidence sufficient to sustain his indictment for two counts of making a terroristic threat (Penal Law § 490.20) and one count of criminal contempt in the second degree (Penal Law § 215.50 [1]). The defendant now moves to reargue that decision, for insufficiency of evidence (CPL 210.20 [1] [b]).
The motion to reargue is granted, and upon reargument the two counts of making a terroristic threat are dismissed.
Statement of Facts
In the aftermath of the attack of September 11, 2001, the legislature enacted article 490 of the Penal Law entitled “Terrorism.” The preamble to that article references several acts of political terrorism as a “serious and deadly problem that disrupts public order,” finding that “our laws must be strengthened to ensure that terrorists . . . are prosecuted and punished in state courts with appropriate severity” (Penal Law § 490.00).
The article included a new crime, “Making a terroristic threat” (Penal Law § 490.20). A person is guilty of this crime when “with intent to . . . influence the policy of a unit of government by intimidation or coercion . . . he or she threatens to commit ... a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense” (Penal Law § 490.20 [1]).
Into this statute steps the defendant by way of indictment. To summarize the facts, the defendant, accompanied by a pregnant woman and two young children, apparently related to him, appeared before a judge in Kings County Civil Court *236 with a pro se petition for urgent relief from another judge’s order.
When the judge told him she could not undo another judge’s order, the defendant became irate, loud and unruly. In this agitated state, he told the judge to tell the other judge “that she will be hung from the highest tree, from a branch of the highest tree, for treason.” He then pointed his hand like a gun at the sitting judge and said “as for you, pop.”
For these acts and statements the defendant was indicted.
Conclusions of Law
In deciding a motion to dismiss for insufficiency of evidence, the court must determine whether the evidence presented to the grand jury, viewed most favorably to the People, would support a determination of guilt (People v Gordon, 88 NY2d 92 [1996]). It is clear that the evidence supports the indictment for criminal contempt in the second degree. The evidence before the grand jury did not, however, make out a prima facie case with respect to the counts of making a terroristic threat and they are dismissed.
It is beyond doubt that terrorism poses a significant threat to our peace and security such that crimes intended to coerce a branch of government to change its policy must be prosecuted and punished. This is not one of those cases.
In the first instance, the statutory element that the accused’s actions “cause [ ] a reasonable expectation or fear of the imminent commission” of the threatened offense has not been met (Penal Law § 490.20 [1]). A finger is not a gun and there is nothing imminent about a threat of future punishment for treason. Of course, no one comes to work to be harassed, menaced or threatened—including judges. Perhaps crimes of that nature may fit the defendant’s actions, but not terrorism, the most common elements of which are “violence and a political purpose or motivation” (State v Yocum, 233 W Va 439, 447, 759 SE2d 182, 190 [2014]). As the Court of Appeals stated: “the concept of terrorism has a unique meaning and its implications risk being trivialized if the terminology is applied loosely in situations that do not match our collective understanding of what constitutes a terrorist act” (People v Morales, 20 NY3d 240, 249 [2012]).
The words and actions of this defendant cannot be viewed in a vacuum, but in view of all the surrounding circumstances. Here, the defendant, appearing with two young children and a *237 pregnant wife or girlfriend under stressful circumstances, perhaps threatened with hunger or homelessness, acted out. In truth, he took his trauma, stress and frustration out on the judge. This is by no means a good thing; but it is equally by no means terrorism.
On the other hand, the evidence submitted to the grand jury prima facie supports his indictment for criminal contempt in the second degree in that he engaged in “[disorderly, contemptuous, or insolent behavior, committed during the sitting of a court” (Penal Law § 215.50 [1]).