■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN HULSEN, Respondent. [56 NYS3d 335]—

Appeals by the People from (1) an order of the Supreme Court, Nassau County (Berkowitz, J.), entered March 1, 2016, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient, and (2) so much of an order of the same court entered June 27, 2016, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered March 1, 2016, is dismissed, as that order was superseded by the order

entered June 27, 2016, made upon reargument; and it is further,

Ordered that the order entered June 27, 2016, is affirmed insofar as appealed from.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted— and deferring all questions as to the weight or quality of the evidence—would warrant conviction" (*People v Woodson*, 105 AD3d 782, 782 [2013] [internal quotation marks omitted]; *see People v Mills*, 1 NY3d 269, 274-275 [2003]; *People v Flowers*, 138 AD3d 1138, 1139 [2016]). " 'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Flowers*, 138 AD3d at 1139). " 'In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt' " (*People v Jessup*, 90 AD3d 782, 783 [2011], quoting *People v Bello*, 92 NY2d 523, 526 [1998]; *see People v Wisey*, 133 AD3d 799, 800 [2015]; *People v Woodson*, 105 AD3d at 783). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference. That other, innocent inferences could possibly be drawn from those facts is irrevelant to the sufficiency inquiry as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Bello*, 92 NY2d at 526 [internal quotation marks omitted]; *see People v Deegan*, 69 NY2d 976, 979 [1987]; *People v Woodson*, 105 AD3d at 783).

According to the grand jury minutes, the defendant, who was a custodian at a school for more than a decade, was eating a sandwich in the school's faculty break room when a teacher entered the room and asked how he was doing after the first week of school. The defendant allegedly told the teacher that another teacher was on his "shit list," and that "people better stay out of [his] way." When the teacher told him, among other things, that he should "try to relax a little bit" and that "we all have to like work together here," the defendant allegedly got out of his chair and told the teacher that she "better be absent the day they fire me because I am going to come in here and Columbine this shit." He then mimed shooting a gun while imitating gun noises. Based upon his statements, the defendant was charged in an indictment with making a terroristic threat (Penal Law § 490.20), a class D felony.

Penal Law article 490 was enacted shortly after the attacks on September 11, 2001, to ensure that terrorists are prosecuted and punished in state courts with appropriate severity (*see People v Morales*, 20 NY3d 240, 244 [2012]). In construing the statute, courts must be cognizant that "the concept of terrorism has a unique meaning and its implications risk being trivialized if the terminology is applied loosely in situations that do not match our collective understanding of what constitutes a terrorist act" (*id.* at 249). Penal Law § 490.20 (1) provides, in pertinent part, that "[a] person is guilty of making a terroristic threat when with intent to intimidate . . . a civilian population . . . he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense."

Contrary to the People's contentions, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to dismiss the indictment since the People failed to present legally sufficient evidence that the defendant's comment caused a reasonable expectation or fear of the imminent commission of a specified offense (*see People v Adams*, 54 Misc 3d 234, 236 [Sup Ct, Kings County 2016]). The teacher testified that she did not believe that the defendant's threat of a school shooting was imminent and, therefore, she waited to report the defendant's comment. Moreover, the defendant's alleged threat was expressly conditioned by the phrase, "the day they fire me." The People did not present any evidence that the defendant was about to be terminated from his job, or had any reason to believe that he was going to be terminated.

In light of our determination, we need not reach the People's contention that the evidence presented to the grand jury was sufficient to support the element of an "intent to intimidate . . . a civilian population" within the meaning of the statute (Penal Law § 490.20 [1]; *see People v Morales*, 20 NY3d 240 [2012]). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.