Matter of Jaydin R. (2021 NY Slip Op 00176)





Matter of Jaydin R.


2021 NY Slip Op 00176


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-03013
 (Docket No. D-2612-18)

[*1]In the Matter of Jaydin R. (Anonymous), etc., appellant.


Salihah R. Denman, New York, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jaydin R. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), entered February 20, 2019. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that Jaydin R. committed an act which, if committed by an adult, would have constituted the crime of making a terroristic threat, and, upon his waiving the dispositional hearing, adjudicated him a juvenile delinquent.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the petition is dismissed, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance with Family Court Act § 375.1.
The appellant was charged with acts which, if committed by an adult would have constituted, inter alia, the crime of making a terroristic threat (Penal Law § 490.20[1]). The presentment agency's evidence at the fact-finding hearing consisted of two witnesses, a teacher and a student from the appellant's eighth-grade class. The student testified that one morning during class some of the students were joking and talking when the appellant and another student got into "a little argument," and the appellant told that student that he "[was] going to be 14 years old, chopped up in somebody's backyard, and he's going to get a white person to shoot up the school." The teacher testified that she was not present during the incident. The appellant testified at the hearing and denied having made those statements. Based upon the foregoing, the Family Court found that the appellant had committed an act which, if committed by an adult, would have constituted the crime
of making a terroristic threat. The court adjudicated the appellant a juvenile delinquent and conditionally discharged him for a period of one year from January 18, 2019, until January 17, 2020. The disposition having expired, the appellant appeals from the determination adjudicating him a juvenile delinquent.
The appellant contends that the evidence was legally insufficient to support the fact-finding determination because the presentment agency did not present any evidence to support the intent element of the crime. The appellant's general motion to dismiss the petition at the close of the presentment agency's case was not specifically directed at the error now being urged, and, therefore, did not preserve the contention for appellate review (see Matter of Gilberto M., 89 AD3d 734; Matter of Marcel F., 233 AD2d 442; cf. People v Hawkins, 11 NY3d 484, 492).
However, in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]), [*2]we agree with the appellant that viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793), it was legally insufficient to establish that he committed an act which, if committed by an adult, would have constituted the crime of making a terroristic threat.
"Penal Law article 490 was enacted shortly after the attacks on September 11, 2001, to ensure that terrorists are prosecuted and punished in state courts with appropriate severity" (People v Hulsen, 150 AD3d 1261, 1263; see People v Morales, 20 NY3d 240, 244). "In construing the statute, courts must be cognizant that 'the concept of terrorism has a unique meaning and its implications risk being trivialized if the terminology is applied loosely in situations that do not match our collective understanding of what constitutes a terrorist act'" (People v Hulsen, 150 AD3d at 1263 quoting People v Morales, 20 NY3d at 249). As relevant here, Penal Law § 490.20 (1) provides that a person is guilty of making a terroristic threat when "with intent to intimidate . . . a civilian population . . . he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense." We agree with the appellant that the presentment agency presented no evidence of an intent by the appellant to intimidate a civilian population with his statements (see People v Morales, 20 NY3d 240; People v Kaplan, 168 AD3d 1229, 1230; see generally People v Hulsen, 150 AD3d 1261). We note that the appellant challenges only the intent element of the crime on appeal, and, therefore, we have not considered whether the presentment agency presented evidence satisfying the other elements of making a terroristic threat.
In light of our determination we do not reach the appellant's remaining contentions.
Accordingly, we reverse the Family Court's determination adjudicating the appellant a juvenile delinquent, dismiss the juvenile delinquency petition (see CPL 470.20[2]), and remit the matter to the Family Court, Westchester County, for further proceedings in accordance with Family Court Act § 375.1.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court