Matter of Gershow Recycling of Riverhead, Inc. v Town of Riverhead (2021 NY Slip Op 02156)





Matter of Gershow Recycling of Riverhead, Inc. v Town of Riverhead


2021 NY Slip Op 02156


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-08382
 (Index No. 15728/14)

[*1]In the Matter of Gershow Recycling of Riverhead, Inc., et al., respondents, 
v
Town of Riverhead, et al., appellants.


McGiff Halverson LLP, Patchogue, NY (Daniel J. O'Connell of counsel), for appellants.
Weber Law Group LLP, Melville, NY (Jason A. Stern of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Jefferson V. Murphree, Building and Planning Administrator for the Town of Riverhead, dated July 18, 2014, denying the application of the petitioner/plaintiff Gershow Recycling of Riverhead, Inc., for site plan approval, and action for declaratory relief, the respondents/defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated June 12, 2017. The order and judgment denied the motion of the respondents/defendants pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition/complaint, granted the petition seeking relief under CPLR article 78, annulled the determination, and remitted the matter to the respondent/defendant Planning Board of the Town of Riverhead for further proceedings.
ORDERED that the order and judgment is affirmed, with costs.
In November 2011, the petitioners/plaintiffs (hereinafter petitioners) purchased the subject property, located in Riverhead, where Fred J. Gallo Used Auto Parts, Inc., operated an auto salvage facility. In July 2012, the petitioners submitted a site plan to the Town of Riverhead Planning Department and Building Department to "[r]e-grade, install site drainage, a retaining wall, concrete paving and landscaping." The departments jointly determined that the site plan contained de minimus alterations and that the project was exempt from site plan review pursuant to Code of the Town of Riverhead (hereinafter Town Code) former § 108-130(B)(4)(f). In November 2013, after the petitioners commenced operations on the property, they submitted an amended site plan to the Planning Department reflecting additional "as built" improvements to the property. On April 3, 2014, the Town of Riverhead Planning Board (hereinafter the Planning Board) conducted a public hearing on the amended site plan. After the hearing, the Town of Riverhead commenced an action against the petitioners, inter alia, for a judgment declaring, among other things, that the petitioners current use of the property constituted an illegal change in use, or in the alternative, an illegal expansion of a pre-existing nonconforming use. Then, in a letter dated July 18, 2014, Jefferson V. Murphree, the Town's Building and Planning Administrator, informed the petitioners that Town Code former § 26-20 gave him "the authority to make, issue and render determinations regarding compliance with the provisions of the Town of Riverhead Zoning Ordinance for Site Plan . . . applications." Murphree concluded that the proposed use of the site was "clearly not an allowed use [*2]in the zoning district," and that the petitioners converted the use of the site from a non-conforming pre-existing auto salvage yard into a recycling center. Based on this conclusion, Murphree denied the site plan application, and informed the petitioners that they had the right to appeal to the Town's Zoning Board of Appeals. The petitioners then commenced this hybrid proceeding pursuant to CPLR article 78 to review Murphree's determination, and action for declaratory relief. The appellants moved pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition/complaint. The Supreme Court denied the appellants' motion, granted the petition seeking relief under CPLR article 78, annulled the determination, and remitted the matter to the Planning Board for further proceedings. We affirm.
Town Law § 274-a(2)(a) provides that "[t]he town board may, as part of a zoning ordinance or local law adopted pursuant to this article or other enabling law, authorize the planning board or such other administrative body that it shall so designate, to review and approve, approve with modifications or disapprove site plans prepared to specifications set forth in the ordinance or local law and/or in regulations of such authorized board." Town Code former § 108-129(A) stated that, with certain exceptions inapplicable here, "[t]he Town Board hereby authorizes the Planning Board, pursuant to § 274-a of the Town Law, to review and approve, approve with modifications, or disapprove site plans . . . ." Accordingly, the Town Code did not authorize Murphree to act on site plan applications.
Contrary to the appellants' contentions, the Town Code provisions that stated that the Administrator of the Building Department shall have the authority to review, evaluate, judge, and advise on applications related to the Town Code (see Town Code former § 26-18), and vested the Town Building and Planning Administrator with authority to make, issue, and render determinations regarding compliance with the provisions of the Zoning Code for site plan applications (see Town Code former § 26-20) did not allow Murphree to approve or deny site plan applications. Under principles of statutory construction, whenever there is a general and a specific provision in the same statute, the general applies only where the particular enactment is inapplicable (see McKinney's Cons Laws of NY, Book 1, Statutes § 238). Accordingly, the specific provisions of the Town Code that gave the Planning Board the authority to act on site plan applications must control here. Moreover, we need not defer to Murphree's interpretation of the Town Code. While interpretation of a statute by the agency charged with its enforcement is generally entitled to judicial deference, when, as is the case here, the question is one of pure statutory reading and analysis, there is little basis to rely on any special competence or expertise of an administrative agency (see Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173; Matter of International Student Exch., Inc. v Assessors Off. of the Town of Islip, 185 AD3d 815, 817). Finally, as Murphree's denial of the site plan application at issue here was an action wholly beyond his grant of power, the petitioners were not required to exhaust their administrative remedies by appealing to the Town's Zoning Board of Appeals (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57).
The Supreme Court properly determined that this matter should be remitted to the Planning Board for further proceedings. This mandamus relief was proper inasmuch as it requires the Planning Board to act on the site plan application, not to approve it (see Matter of 2433 Knapp St. Rest. Bar v Deptartment of Consumer Affairs of City of N.Y., 150 AD2d 464, 465).
In light of this determination, the parties' remaining contentions need not be reached.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court