People ex rel. Ellis v Imperati (2024 NY Slip Op 02269)

People ex rel. Ellis v Imperati

2024 NY Slip Op 02269

Decided on April 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2024-02577

[*1]The People of the State of New York, ex rel. Andrew D. Ellis, etc., on behalf of Michael A. Cavagnolo, petitioner,
v
Kirk Imperati, etc., respondent.

Margaret M. Walker, Poughkeepsie, NY (Andrew D. Ellis pro se of counsel) for petitioner.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Lily Gebru of counsel), for respondent.
Writ of habeas corpus in the nature of an application to release Michael Cavagnolo on his own recognizance or, in the alternative, under nonmonetary conditions, in effect, upon Dutchess County Indictment No. 21/2024.

ADJUDGED that the writ is sustained, without costs or disbursements, and Michael Cavagnolo is released upon his own recognizance on condition that Michael Cavagnolo shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Dutchess County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the County Court, Dutchess County; (2) remain confined to his residence in Dutchess County except for visits to his attorney, his medical providers, or court, and must travel directly from his residence in Dutchess County to his attorney, his medical providers, or court, and directly back to his residence in Dutchess County when conducting those visits; (3) refrain from possessing a firearm, destructive device, dangerous instrument as defined in Penal Law § 10.00(13), deadly weapon as defined in Penal Law § 10.00(12), or other dangerous weapon; (4) surrender all passports, if any, he may have to the Office of the District Attorney of Dutchess County, or, if he does not possess a passport, he shall provide to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (5) provide to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Michael Cavagnolo has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c), has surrendered all passports, if any, he may have to the Office of the District Attorney of Dutchess County, or, if he does not possess a passport, has provided to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which he attests that he does not [*2]possess a passport, and shall not apply for any new or replacement passports, and has provided to the Office of the District Attorney of Dutchess County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Dutchess County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Michael Cavagnolo is incarcerated, or his or her agent, is directed to immediately release Michael Cavagnolo from incarceration.
Michael Cavagnolo was charged with making a terroristic threat (Penal Law § 490.20), after he allegedly called the emergency phone number of the Hyde Park Police Department and made threats of violence, including to shoot police officers and to blow up the police department. The County Court determined that making a terroristic threat, as a violent felony offense, constitutes a qualifying offense pursuant to CPL 510.10(4)(a) and set bail. The petitioner commenced this habeas corpus proceeding, contending that the County Court was without authority to impose monetary conditions for Cavagnolo's release because making a terroristic threat is not a "qualifying offense" pursuant to CPL 510.10(4).
"In 2019, the legislature enacted comprehensive bail reform legislation, which in large part eliminated cash bail and specified a set of crimes for which such bail may be set" (People ex rel. Rankin v Brann, _____ NY3d _____, _____, 2024 NY Slip Op 00850, *2; see L 2019, ch 59, § 1, part JJJ). Those crimes for which a court may fix bail, "qualifying offense[s]," are defined in CPL 510.10(4). For all other crimes, the court "shall" release the defendant pending trial on his or her own recognizance, though the court may impose nonmonetary conditions if the court makes a specific finding that releasing the defendant on his or her own recognizance will not reasonably assure the defendant's return to court (id. § 510.10[3]; see People ex rel. Rankin v Brann, _____ NY3d at _____, 2024 NY Slip Op 00850, *2).
The petitioner contends that making a terroristic threat (Penal Law § 490.20) is specifically listed as a nonqualifying offense pursuant to CPL 510.10(4)(g). "When presented with a question of statutory interpretation, [the] primary consideration is to ascertain and give effect to the intention of the Legislature" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [internal quotation marks omitted]; see Riley v County of Broome, 95 NY2d 455, 463). "The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (Matter of Mestecky v City of New York, 30 NY3d 239, 243 [internal quotation marks omitted]; see Riley v County of Broome, 95 NY2d at 463). "A statute must be construed as a whole, and its various sections must be considered together and with reference to each other. Further, in appropriate circumstances, the Court may inquire into the purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history" (Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 280 [citation, internal quotation marks, and alteration omitted]; see Matter of DCH Auto v Town of Mamaroneck, 38 NY3d 278, 292).
CPL 510.10(4)(a) provides that all violent felony offenses, with two exceptions not applicable here, constitute qualifying offenses (see id.). Making a terroristic threat is a violent felony offense (see Penal Law §§ 70.02[1][c]; 490.20). Notwithstanding that provision of the statute, CPL 510.10(4)(g) enumerates several terrorism-related offenses that constitute qualifying offenses, including "a felony crime of terrorism as defined in [Penal Law article 490], other than [making a terroristic threat under Penal Law § 490.20]." Thus, CPL 510.10(4) provides conflicting provisions as to whether making a terroristic threat constitutes a qualifying offense for which bail may be fixed.
"Under principles of statutory construction, whenever there is a general and a specific provision in the same statute, the general applies only where the particular enactment is inapplicable" (Matter of Perlbinder Holdings, LLC v Srinivasan, 27 NY3d 1, 9; see Matter of Mental Hygiene Legal Serv. v Sullivan, 32 NY3d 652, 658; Matter of Gershow Recycling of Riverhead, Inc. v Town of Riverhead, 193 AD3d 731, 733). CPL 510.10(4)(a) is a general provision insofar as it provides that all violent felony offenses, with two exceptions, constitute qualifying offenses. Conversely, the relevant clause in CPL 510.10(4)(g) is specific insofar as it expressly exempts making a terroristic threat (Penal Law § 490.20) from the list of violent felony offenses that constitute qualifying [*3]offenses. Applying this principle of statutory construction, the specific provision in CPL 510.10(4)(g) that expressly exempts making a terroristic threat from the list of violent felony offenses that constitute qualifying offenses controls (see Matter of Gershow Recycling of Riverhead, Inc. v Town of Riverhead, 193 AD3d at 733).
Moreover, under well-settled principles of statutory construction, a statute should be construed to give meaning and effect to all of its words and provisions so that an interpretation that renders words or clauses superfluous should be rejected (see Matter of Mestecky v City of New York, 30 NY3d at 243; Matter of National Union Fire Ins. Co. of Pittsburgh, PA v Reichman, 221 AD3d 69, 78-79; People v Dewall, 15 AD3d 498, 500). CPL 510.10(4)(g) provides, in relevant part, that a felony crime of terrorism defined in Penal Law article 490 is a qualifying offense, "other than" making a terroristic threat (Penal Law § 490.20). Notably, all other felony crimes of terrorism defined in article 490 of the Penal Law are either violent felony offenses (see e.g. Penal Law §§ 70.02[1], 490.10, 490.15, 490.35) or class A felony offenses (see e.g. Penal Law §§ 490.27, 490.28), which are qualifying offenses pursuant to CPL 510.10(4)(d). To accept the People's position that making a terroristic threat is a qualifying offense notwithstanding the language of CPL 510.10(4)(g) would render that provision's exclusion of making a terroristic threat superfluous and meaningless (see Matter of National Union Fire Ins. Co. of Pittsburgh, PA v Reichman, 221 AD3d at 78-79; People v Dewall, 15 AD3d at 500). Thus, we read CPL 510.10(4)(g) to provide that making a terroristic threat does not constitute a qualifying offense. We share the concern raised by the County Court in excluding the violent felony offense of making a terroristic threat from the list of violent felony offenses that constitute qualifying offenses for which a court may fix bail (see id.), but we are constrained to apply the law as established by the Legislature. Contrary to the conclusion of our dissenting colleague, a court's skepticism regarding the propriety of legislation is not a ground to override the legislative will and this Court is therefore not free to simply ignore the Legislature's express exclusion of making a terroristic threat from the list of violent felony offenses that constitute qualifying offenses for which a court may fix bail.
Accordingly, since the petitioner was not charged with a qualifying offense, we sustain the writ and release the petitioner upon his own recognizance upon the conditions set forth above, which are based on the County Court's on-the-record finding that the petitioner's release upon his own recognizance will not reasonably assure his return to court.
BRATHWAITE NELSON, J.P., DOWLING and WAN, JJ., concur.
MILLER, J., dissents, and votes to dismiss the writ, with the following memorandum:
I agree with my colleagues that CPL 510.10(4) contains conflicting provisions that make it difficult to ascertain whether making a terroristic threat (Penal Law § 490.20), a violent felony offense, is a qualifying offense for which bail may be fixed. Further, I share their concern that this particular crime would not be among the crimes for which a court may fix bail. However, I diverge from my colleagues' view in that I do not believe that we are constrained to interpret CPL 510.10(4) to exclude making a terroristic threat from the set of violent felony offenses that constitute qualifying offenses for which a court may fix bail. In my view, relevant principles of statutory construction lead to the conclusion that making a terroristic threat is a qualifying offense for which a court may fix bail, as determined by the County Court.
By way of brief background, Michael Cavagnolo was charged with making a terroristic threat after he allegedly called a police department threatening to shoot police officers and blow up the police department. He was arraigned and remanded without bail because he had at least two prior felony convictions. The petitioner moved pursuant to CPL 530.30 for Cavagnolo's release, arguing that, pursuant to CPL 510.10(4)(g), making a terroristic threat is not a qualifying offense for which a court may fix bail. After a bail hearing, the County Court, Dutchess County, set bail, determining that the crime of making a terroristic threat, a violent felony offense, is a qualifying offense under the statute. The County Court, Dutchess County, relied, in part, on a 2020 decision of the County Court, Orange County, which reached the same conclusion (see People v Allen, 66 Misc 3d 792, 798 [Orange County Ct]).
For reasons that follow, I agree with the County Court that making a terroristic threat constitutes a qualifying offense pursuant to CPL 510.10(4)(a).
As stated by my colleagues in the majority, when presented with a question of statutory interpretation, a court's "primary consideration is to ascertain and give effect to the intention of the Legislature" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d 201, 209 [internal quotation marks omitted]). Further, as a general matter, "courts should construe unambiguous language to give effect to its plain meaning" (James B. Nutter & Co. v County of Saratoga, 39 NY3d 350, 355 [internal quotation marks omitted]; see Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d at 209).
It has been observed that "the [L]egislature did not hold public hearings on the matter and passed [the 2019 bail reform legislation] as part of a wide-ranging budget bill rather than as a stand-alone bill," and, due in part to apparent haste in drafting and a dearth of legislative history, it has been exceedingly difficult "for courts to discern the intent of its drafters and to interpret its language" (People v Shafer, 74 Misc 3d 405, 413 [Ulster County Ct]; see People ex rel. Bradley v Baxter, 79 Misc 3d 988, 997 [Sup Ct, Monroe County]).
Here, as recognized by my colleagues in the majority, we are presented with conflicting provisions with respect to the crime of making a terroristic threat as subdivisions (a) and (g) of CPL 510.10(4) are in conflict with one another. Contrary to the view accepted by my colleagues, I am not convinced that this is a contest between a general and a specific provision in the statute. To the contrary, I perceive this as a conflict between two specific provisions. As the respondent contends, each of 21 lettered subdivisions of CPL 510.10(4) identifies a specific crime or set of crimes that constitutes a qualifying offense. Thus, our analysis need not turn on the principle of statutory construction that "the general applies only where the particular enactment is inapplicable" (Matter of Perlbinder Holdings, LLC v Srinivasan, 27 NY3d 1, 9).
CPL 510.10(4)(a) is a broad provision that classifies all felonies enumerated in Penal Law § 70.02, i.e., violent felony offenses, as qualifying offenses, but specifically exempts two particular violent felony offenses. CPL 510.10(4)(a) does not exempt the violent felony offense of making a terroristic threat. I find it significant that CPL 510.10(4)(a) expressly excepts two violent felony offenses, but does not except making a terroristic threat. Here, it seems appropriate to apply the principle of statutory interpretation that "[w]here the legislature has addressed a subject and provided specific exceptions to a general rule—as it has done here—the maxim expressio unius est exclusio alterius applies" (Kimmel v State of New York, 29 NY3d 386, 394; see Matter of ELT Harriman, LLC v Assessor of Town of Woodbury, 128 AD3d 201, 209 [Under that maxim, "the presence of exceptions in RPTL 727(2), without inclusion of a property sale exception among them, must be inferentially construed as the (L)egislature's intent not to except from the three-year moratorium circumstances where property is sold to a new owner"]). Applying that maxim lends support to the conclusion that, "[i]f the legislature had intended to exempt the violent felony offense of making a terroristic threat, it would have been included in the exclusionary language" in subdivision (a) (People v Allen, 66 Misc 3d at 798). Thus, the language of subdivision (a) reflects a legislative intent to include making a terroristic threat as a qualifying offense.
The subdivisions following subdivision (a) of CPL 510.10(4) proceed to identify various specific crimes that the Legislature wanted to include within the set of crimes that constitute qualifying offenses. For reasons unknown, subdivision (g) of CPL 510.10(4), among other things, deems all felony crimes of terrorism, "other than" making a terroristic threat pursuant to Penal Law § 490.20, to be qualifying offenses.
I believe that the conflict between subdivisions (a) and (g) of CPL 510.10(4) renders it exceedingly difficult, if not impossible, to ascertain the statute's plain meaning based on its language alone, and we are confronted with ambiguous statutory language. "[W]here there are ambiguities in statutory language, courts look to the purpose of the legislation as well as the statutory context to resolve those ambiguities" (Matter of State of New York v Kerry K., 157 AD3d 172, 183, citing, inter alia, Matter of Shannon, 25 NY3d 345, 351-352; see Town of Aurora v Village of E. [*4]Aurora, 32 NY3d 366, 372). "In construing a statute which is ambiguous the construction to be adopted is the one which will not cause objectionable results" (McKinney's Cons Laws of NY, Statutes § 141; see Eckel v Hassan, 61 AD2d 13, 18). "Stated in another way, the rule is that the construction to be adopted is the one which will not cause objectionable results, or cause inconvenience, hardship, injustice, mischief or absurdity" (Eckel v Hassan, 61 AD2d at 18; see People v Severino, 91 Misc 2d 898, 900 [Sup Ct, Putnam County], affd 63 AD2d 1010).
Among the crimes that constitute qualifying offenses under CPL 510.10(4) are violent felony offenses, witness intimidation, conspiracy to commit a class A felony involving homicide, felony sex offenses, and criminal contempt involving domestic violence. "The recurring themes of the crimes that constitute qualifying offenses include violence, sex, terrorism and domestic violence" (People v Allen, 66 Misc 3d at 797). Penal Law article 490 was enacted shortly after the attacks on September 11, 2001, to ensure that terrorists were prosecuted and punished in state courts with the appropriate severity (see Matter of Jaydin R., 190 AD3d 745; People v Hulsen, 150 AD3d 1261, 1263). Penal Law § 490.20(1), the crime allegedly committed by Cavagnolo, specifically provides that a person is guilty of making a terroristic threat when "with intent to intimidate . . . a civilian population . . . he or she threatens to commit or cause to be committed a specified offense and thereby causes a reasonable expectation or fear of the imminent commission of such offense." There is no doubt that this is a serious violent felony, and I cannot fathom that the legislative intent was to deprive a trial court of discretion to fix bail for this crime. The County Court deeming the crime of making a terroristic threat a qualifying offense avoids interpreting the statute so as to cause "objectionable results" (Eckel v Hassan, 61 AD2d at 18).
For all of the foregoing reasons, I dissent, and vote to dismiss the writ.
ENTER:
Darrell M. Joseph
Clerk of the Court