People v Elliott (2024 NY Slip Op 51746(U))

[*1]

People v Elliott

2024 NY Slip Op 51746(U)

Decided on December 23, 2024

City Court Of Canandaigua

Sisson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2024
City Court of Canandaigua

The People of the State of New York,

against
Teresa Elliott, Defendant.

Index No. CR-01353-24

James B. Ritts
District Attorney of Ontario County 
Steven Farnholz, Assistant 
Attorney for the People
Carrie Bleakley
Conflict Defender of Ontario County
Peter G. Chambers, First Assistant
Attorney for Defendant

Jacqueline E. Sisson, J.

The defendant has been charged by Information with Endangering the Welfare of a Child, in violation of Section 260.10(1) of the Penal Law and by a Prosecutor's Information of Criminal Contempt in the Second Degree, in violation of Section 215.50(2) of the Penal Law. The defendant had initially been charged with Criminal Contempt in the Second Degree, in violation of Section 215.50(1), but a superseding Prosecutor's Information charging a different subsection of Criminal Contempt in the Second Degree (§215.50[2]) was thereafter filed.
The defendant filed a Notice of Motion, dated October 2, 2024. The People responded by Notice of Cross Motion and Responding Affirmation, dated October 22, 2024. After the filing of the Prosecutor's Information, the defendant filed a Supplemental Notice of Motion, dated November 8, 2024. Thereafter, the People filed a Notice of Cross Motion and Responding Affirmation, dated November 26, 2024.
This matter came to be heard on December 2, 2024 for oral argument of the motions and cross-motions. Subsequent to oral argument, this Court reserved decision.
The defendant seeks, inter alia, an order dismissing the charges on the basis that the information(s) are facially insufficient pursuant to Criminal Procedure Law §§100.40 and 170.30.
Criminal Procedure Law §100.40(1) provides an information is sufficient on its face when:
"(a) It substantially conforms to the requirements prescribed in section 100.15; and
(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
(c) Non hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof.
Thus, "an information must set forth the required nonhearsay evidentiary allegations within the four corners of the instrument itself or in annexed supporting depositions" (People v Thomas, 4 NY3d 143, 146 [2005]). 
With respect to the Prosecutor's Information charging the defendant with Criminal Contempt in the Second Degree (Penal Law §215.50[2]), it is alleged that the defendant took still photographs of five sworn jurors in the vestibule of the Ontario County Courthouse, as the jurors were exiting the courtroom. With respect to the Information charging the defendant with Endangering the Welfare of a Child (Penal Law §260.10[1])(EWOC), it is alleged that the defendant intentionally took a photograph on her cell phone of five sworn jurors and an Ontario County Sheriff's Deputy while in the courthouse in the immediate view and presence of the jury and court staff. It is alleged that the defendant's actions interrupted the proceedings of the court and caused members of the jury to fear retaliation, directly resulting in a mistrial. Following the notification of the mistrial, the alleged child victim was emotionally distraught and hysterical, from which the EWOC charge stems.
MOTION TO DISMISS PENAL LAW §260.10(1)
This Court first turns to the Information charging the defendant with Endangering the Welfare of a Child. Pursuant to Penal Law §260.10 (1):
"A person is guilty of endangering the welfare of a child when: He or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old ..."
Defendant first contends that none of the initial supporting depositions alleges the child's age. Given that the Information failed to sufficiently allege the age of the victim, the defendant asserts that the Information is jurisdictionally defective and must be dismissed.
The People contend that it rectified any deficiency by submitting, subsequent to the defendant's motion, a second deposition of the child's mother, which set forth the child's age, together with the child's birth certificate.
This Court concludes that the Information does not allege a vital element of the charge, i.e. the age of the child. Given that the Information has failed to sufficiently allege the age of the victim, the Information is jurisdictionally defective and must be dismissed. Submission of the child's birth certificate and additional supporting deposition of the child's mother in reply to the defendant's motion to dismiss does not cure this defect (see, People v Hardy, 35 NY3d 466 [2020]). This Court must evaluate the sufficiency of an accusatory instrument on its face and must not look beyond its four corners (including supporting depositions appended thereto)( see, People v Thomas, 4 NY3d 143 [2005]). It is the People's responsibility to obtain a sworn [*2]statement with the correct factual allegations and proceed on a superseding instrument (see Hardy supra).
This Court concludes that the Information is insufficient on its face by failing to allege facts establishing that the child was less than seventeen years of age.
Secondly, the defendant argues that the Information fails to allege that the defendant had the requisite knowledge that her alleged behavior would present a likelihood of harm to a child. There is no allegation that the child was present when this alleged conduct occurred. Defendant contends that the events that may have occurred here, i.e. taking of the photo noticed by a juror or court staff, which subsequently caused a mistrial thereby upsetting a child, are not sufficiently foreseeable to attach criminal liability. The defendant argues that the allegation is that the defendant surreptitiously took a photograph of jurors. While this is, perhaps, a breach of courthouse etiquette, it is insufficient to establish that the defendant intentionally caused a mistrial, knowing that it would likely cause the alleged victim emotional distress. The defendant argues that while this course of events may have occurred, they are not sufficiently foreseeable to attach criminal liability.
In opposition, the People assert that this argument is premature and contesting an element that the People must prove beyond a reasonable doubt at trial is not ripe for consideration on a motion to dismiss.
With respect to the charge of Endangering the Welfare of a Child, there are three elements that must be alleged in the Information: (1) that the defendant acted in a manner likely to be injurious to the physical, mental or moral welfare of the child; (2) that the defendant did so knowingly; (3) and that the child was less than seventeen years old (Penal Law § 260.10 [1]). A person KNOWINGLY acts in a manner likely to be injurious to the physical, mental or welfare of a child when that person is aware that he or she is acting in such manner (see Penal Law §15.05[2]).
This Court concludes that the Information is insufficient on its face by failing to allege facts establishing that the defendant acted knowingly.
Based upon the foregoing, the Information charging Endangering the Welfare of a Child, in violation of Penal Law §260.10(1) is dismissed.

MOTION TO DISMISS PENAL LAW §215.50(2)
This Court next turns to the superseding Prosecutor's Information charging the defendant with Criminal Contempt in the Second Degree, in violation of Penal Law §215.50(2). Penal Law 215.50 (2) provides:
"A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct: Breach of the peace, noise, or other disturbance, directly tending to interrupt a court's proceedings."
The defendant argues that the allegations set forth in the accusatory instrument do not allege facts sufficient to charge her with breach of the peace, noise, or other disturbance. Further, her actions did not "directly" tend to interrupt a court's proceedings.
The People respond that in the absence of case law, it becomes necessary to turn to other sources to discern the legislative intent of a statute. The People narrow the issue to the following [*3]question: "does the use of a cell phone to take a picture of five sworn jurors during a brief recess, thereby causing a mistrial, constitute a 'breach of the peace' or 'other disturbance' directly tending to interrupt the court's proceeding?"
This appears to be a case of first impression in New York State.
Breach of the peace is not defined in the Penal Law. The Court of Appeals defined "breach of the peace" in the context of former Penal Law §722:
It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community. The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. (People v Chesnick, 302 NY 58 [1950]).
Given this definition of "breach of the peace" by the Court of Appeals, this Court concludes that such conduct is not alleged herein.
It is not alleged, nor is it argued, that the defendant's conduct constitutes a "noise". Therefore, this Court turns now to whether or not the defendant's alleged conduct is sufficient to constitute "other disturbance". This Court concludes that it does not.
This Court notes that the Legislature chose to criminalize certain behavior under Civil Rights Law §52 by prohibiting the televising, broadcasting or taking motions pictures of certain proceedings in which the testimony of witnesses by subpoena or other compulsory process is or may be taken in a court. Violations of this statute constitute a misdemeanor. Contrast the prohibitions set forth in this statute with §29.1 of the Rules of the Chief Judge wherein it provides, in relevant part:
(a) Taking photographs, films or videotapes, or audiotaping, broadcasting or telecasting, in a courthouse including any courtroom, office or hallway thereof, at any time or on any occasion, whether or not the court is in session, is forbidden, unless permission of the Chief Administrator of the Courts or a designee of the Chief Administrator is first obtained. 22 NYCRR 29.1.
It is notable that while violations of Civil Rights Law §52 are designated as a misdemeanor offense, no analogous criminal liability attaches for a violation of the Rules of the Chief Judge. It is also notable, as the People concede, that Courts in New York State have held that Civil Rights Law §52 have not found still photography to be a violation of this statute (see People v Kobb, 756 NYS2d 830, 834 [Erie County 2003]). This Court finds that had the Legislature intended to criminalize the prohibited conduct in 22 NYCRR 29.1, it would have done so in Civil Rights Law §52.
There is no allegation in the Prosecutor's Information that the defendant defied an order from the Judge presiding over the trial, nor any allegation that she defied a blanket posting in the Ontario County Courthouse prohibiting still photography.
Finally, this Court turns to the element of the offense that the defendant's conduct must directly tend to interrupt a court's proceedings (emphasis added). Contrast the instant case with the limited number of reported cases on this issue (see, People v Boston, 3 Misc 3d 1107[A] [Kings County 2004]; People v Blank, 20 Misc 3d 35 App Term 1st Dept 2008; and People v [*4]Adams, 54 Misc 3d 234 [Kings County 2016]). Given the relevant contrasting case law, this Court concludes that there is not sufficient factual allegations that the defendant's conduct directly tended to interrupt the court's proceedings.
Given this Court's dismissal of the Prosecutor's Information on the grounds set forth above, it declines to address the defendant's motion to dismiss on the grounds that this statute is unconstitutional.
Furthermore, defendant's motions to dismiss in the interest of justice need not be addressed based on the Court finding the Information and Prosecutor's Information to be insufficient. 
The Court also reserved on the People's pending motion for a protective order in this matter and that issue is now rendered moot by the dismissal of the Information and Prosecutor's Information. 
This shall constitute the decision of this Court.
Jacqueline E. Sisson
Canandaigua City Court Judge
Dated: December 23 , 2024
Canandaigua, New York